UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

**CRIMINAL ACTION NO. 01-61**

**UNITED STATES OF AMERICA,**                                                                 **PLAINTIFF,**

**V.**                            **MEMORANDUM OPINION AND ORDER**

**SHAWN RICE**                                                                                    **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This case is before the court on defendant's objections to the magistrate judge's recommendation to deny his motion under 28 U.S.C. § 2255. The defendant argues that his conviction is tainted because he received ineffective assistance of counsel. The court, having reviewed the matter *de novo* in light of the petitioner's objections, will accept the report and recommendation and deny the § 2255 motion. To the extent that the defendant does not specifically object to the report and recommendation, the court concurs in the result recommended by the magistrate judge. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

An extremely deferential standard of review applies to all ineffective-assistance-of-counsel claims. *Strickland v. Washington*, 466 U.S. 668 (1984); *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996). There is a strong presumption that counsel's conduct fell well within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Counsel is constitutionally ineffective if the representation fell below "an objective standard of reasonableness" and there is a "reasonable probability" that, but for counsel's impotence, the result would have

been different. *Id.* at 694. Counsel's performance must have caused the defendant "to lose what he otherwise probably would have won." *West*, 73 F.3d at 84. "[T]he determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was snatched from the jaws of victory." *Id.* In his objections to the magistrate's report and recommendation, the defendant argues that he received ineffective assistance of counsel on three occasions.

### I.     *Failure to object to offenses used to determine the criminal history level*

Mr. Rice argues that counsel erred by not objecting to the court's calculating his criminal history level based on convictions that were "purged." The record shows that counsel objected to the criminal history calculation. That the court overruled the objection does not mean that counsel was constitutionally ineffective.

### II.     *Failure to object to the type of drug*

Mr. Rice argues that counsel erred because he failed to object when the district court sentenced him for selling crack cocaine instead of cocaine base as specified in the indictment. The Sixth Circuit has held that cocaine base includes crack cocaine. *United States v. Levy*, 904 F.2d 1026, 1033 (6th Cir. 1990) (rejecting vagueness argument). Moreover, evidence at trial supported a sentence based on crack. In light of the Sixth Circuit's jurisprudence, the defendant suffered no prejudice from counsel's failure to object to any difference between the drug described in the indictment and the drug for which he was sentenced. *See also Carter v. United States*, 160 F. Supp. 2d 805, 811-12 (E.D. Mich 2001).

### III.     *Failure to advise about the benefits of pleading guilty*

Mr. Rice argues that his attorney failed to advise him that he could plead guilty and receive a reduced sentence for accepting responsibility for his actions. Pleading guilty does not entitle a defendant to a reduced sentence for acceptance of responsibility as a matter of right. Rather, the defendant has the burden of showing that he accepted responsibility for his actions by a preponderance of the evidence. *United States v. Castro*, 908 F.2d 85, 90 (6th Cir. 1990).

Here, Mr. Rice offers no evidence suggesting that he accepted responsibility for his crime. Additionally, in his objection to the report and recommendation, Mr. Rice claims that the court advised him that if he "wanted to be awarded a acceptance of responsibility he had better enter a plea before the morning of trial." (DE 102, at 10). He continues, arguing that this advice led him to believe that he would have been eligible for a reduced sentence for acceptance of responsibility if he had pled guilty. (DE 102, at 10). However, that Mr. Rice recognizes that pleading guilty carried the possibility of a reduced sentence dispels any prejudice that might have resulted from counsel's alleged failure to advise him of the benefits of pleading guilty. Accordingly,

**IT IS ORDERED** that the magistrate judge's report and recommendation (DE 99) is **ADOPTED.**

**IT IS FURTHER ORDERED** that the defendant's motion for relief under 28 U.S.C. § 2255 (DE 88) is **DENIED**

Signed on April 4, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY