UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

**CRIMINAL ACTION NO. 01-61**

**UNITED STATES OF AMERICA,**                                                                                **PLAINTIFF,**

**V.**                                   **MEMORANDUM OPINION AND ORDER**

**SHAWN RICE**                                                                                                            **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's motion to reconsider the court's order denying his motion for relief under 28 U.S.C. § 2255 and on his motion for a certificate of appealability.[1] The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion to reconsider and will not issue a certificate of appealability.

Mr. Rice urges the court to reconsider its previous decision, reframing earlier arguments regarding the nature of his attorney's putative failures to object to the calculation of his criminal history level and to advise him about the benefits of pleading guilty. Mr. Rice also argues that this court did not appropriately review the report and recommendation for error in light of his global objections.

**I.     The Prior Convictions**

Mr. Rice argues that *United States v. Tucker*, 404 U.S. 589 (1972), holds

---

[1] Mr. Rice styles his motion as one for reconsideration under Fed. R. Civ. P. 59(e), which requires that any motion to alter or amend judgment shall be filed within 10 days after the entry of that judgment. Rule 59(e) is not applicable to the instant case as the court had not issued a judgment. However, consistent with the policy of liberal treatment of pleadings filed by *pro se* prisoners, the court treats the motion as one for reconsideration rather than as a Rule 59(e) motion to alter or amend judgment.

that when an individual is convicted of a crime and is without legal representation, the conviction is constitutionally invalid and cannot be used to calculate his criminal history level. The *Tucker* Court held that it is impermissible for a court to consider a defendant's prior convictions at sentencing where those convictions had been vacated because of a constitutional deficiency. *Tucker*, 404 U.S. at 444-45. In this case, because Mr. Rice's prior convictions had not been vacated, *Tucker* did not preclude this court from using them to calculate his criminal history level.

## *II.     The Benefits of Pleading Guilty*

In his initial motion for relief, Mr. Rice admitted that his attorney told him that he could receive a lesser sentence if he cooperated with the prosecution. However, Mr. Rice, who was adamant about not cooperating, was required to cooperate with the prosecution before he could enter a guilty plea and thereby receive credit for acceptance of responsibility. Therefore, for reasons mentioned in the report and recommendation and this court's previous order, Mr. Rice is not entitled to relief on this ground.

## *III.    The Court's Review*

The court does not review the entire report and recomendation to find items or arguments that might favor the petitioner. Rather, the petitioner must make specific objections to the report and recommendation before the court will review any issue *de novo*. " A general objection to the entirety of the magistrate's report and recommendation has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). *See also*

*Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 405 (6th Cir. 1992) (the court need not probe the record to advance a party's interest). Therefore, the court did not err by failing to review the entire report and recommendation *de novo*.

### *IV.   Certificate of Appealability*

Because reasonable-minded jurists could not disagree with the reasoning or outcome of this matter, the court will not issue a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly,

**IT IS ORDERED** that the defendant's motion for reconsideration (DE 104) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Signed on August 8, 2006

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3